# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**CARLOS FONNEGRA TAMAYO,**
Plaintiff,

**CIVIL NO. 03-2243 (DRD)**

v.

**SANTANDER BANK**,
Defendants

## ORDER

Pending before the Court is Banco Santander de Puerto Rico's ("defendant") *Motion to Strike Plaintiff's Untimely Opposition to BSPR's Motion for Summary Judgment*. (Docket No. 65). Through said motion, defendant urges the Court to eliminate from the record plaintiff's opposition to it's request for *brevis* disposition. Defendant argues that plaintiff, having been generously provided by the Court with a second turn at bat to comply with management deadlines that he had already neglected to fulfill, ignored the Court's previous order and, once again, ill-complied with a case management deadline by having filed the opposition four hours and eleven minutes past the deadline.[1] Plaintiff, in his opposition to the motion to strike, avers that, not only does defendant "lack [sic] clean hands to raise any time limit defense", but fails to raise any prejudice the delay might have caused. They also inform the Court that:

> the Motion in Opposition to Motion for Summary Judgment was prepared before noon but the secretary had problems with the transfer of the exhibits to PDF and the electronic filing of the same. The undersigner [sic] attorney had left at noon for a medical appointment confident that the document would be filed within the period indicated by the Court.

*Opposition*, Docket No. 66 at 4-5, ¶16.

Faced with this dispute, the Court then issued an order scheduling a hearing with appearing counsel in order to better ascertain the reasons behind plaintiff's second ill-compliance before adjudicating the pending motion to strike. During said hearing, plaintiff's counsel merely reiterated what had already been discussed in his opposition to the motion to strike. That is to say, even when they started to electronically file their opposition before the Twelve Noon deadline, the confronted

---

[1] The Court had previously denied plaintiff's original request to extend time to oppose for his failure to comply with Local Rule 7.1(b). (Docket No. 47). Upon reconsideration, the Court allowed plaintiff to file said opposition, but only if it was filed on or before August 31, 2005 at twelve noon. Plaintiff failed to file his opposition until 4:11p.m. (Docket No. 63).

problems with the CM/ECF system as well as with the transfer of exhibits to electronic files.[2] *Minute*, Docket No. 75.  Counsel requested the Court accept plaintiff's opposition and personally economically fine counsel for the delay.  That said, the Court received notice from the CM/ECF Project Manager explaining that plaintiff's counsel's actual login to the system to file the opposition in question is registered by the login table at 3:22p.m. and not earlier as had counsel expressed – **three hours and twenty two minutes past the Court ordered deadline**.[3]  Accordingly, the Court issued an order to show cause under penalty of perjury why defendant's motion to strike should not be granted provided this newly acquired data.  (Docket No. 76).  Plaintiff, once again restated its previous argument stating that "the document was filed three hours and twenty two minutes later because we had **problems converting the exhibits** [ ] from their paper format to electronic format".  *Motion in Compliance*, Docket No. 77 at 2, ¶4 (*emphasis supplied*).  Plaintiff's counsel also argued that he "did not know [that paper filing in the Clerk's Office when such problems arise] before the hearing of October 21st, 2005."  Id.[4]  Finally, plaintiff purports that, were the Court to consider his failure to comply a serious offense, sanctions be imposed upon the attorney rather than deprive plaintiff party from his opportunity to oppose the request for summary judgment.

Once again, the Court must emphasize that it **cannot** allow litigants to treat scheduling orders "as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril."  See O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st Cir.  2004).  "[A] litigant who ignores a case-management deadline does so at his peril ... We have made it clear that district courts may punish such dereliction in a variety of ways. ... [L]itigants have an unflagging duty to comply with clearly communicated case-management orders ... ." Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)(Court need not consider Summary Judgment filed beyond deadline Id. at 315-16.).  Violations of the Court's orders impedes its efficiency and merits sanctions. *See generally* Chuang Invs. v. Eagle Inns, Inc., 81 F.3d 13, 14 (1st Cir. 1996) ("Prejudice to the court is inherent in needless delays and postponements."); Robson v. Hallenbeck, 81 F.3d 1, 2 (1st Cir. 1996) ("[A] district court has broad authority to enforce pre-trial discipline and to dismiss a case for failure to

---

[2] As per the CM/ECF Project Manager, Coral Rodriguez, Esq.'s letter, "[s]canning documents is not a process pertaining to Electronic Filing, it is a preparatory process for documents[, and t]he electronic filing process starts when the attorney **logins** [sic] to the Electronic Case Filing System." *Order to Show Cause*, Docket No. 76 at 2, ¶3 (*emphasis ours*).

[3] The Project Systems Manager clarified that plaintiff's counsel's secretary's declaration "refers only to the preparatory process, by indicating that the problem was scanning the documents.  The exhibit submitted and her declaration supports the conclusion that the electronic filing process **was not started before noon**, only the preparatory process was started before noon." *Order to Show Cause*, Docket No. 76 at 2, ¶4 (*emphasis ours*).

[4] The Court emphatically notes that *Standing Order No. 1 (CM/ECF)*, which is available to, not only all members of this bar, but to the general public through this District Court's web page (www.prd.uscourts.gov) mandates that attachments to a pleading or motion that are not capable of conversion to PDF electronic format, as well as exhibits or documents not capable of efficient conversion to PDF electronic format, and which exceed fifty pages, will be filed conventionally and not electronically unless otherwise specified by the Court.  *Standing Order No. 1(CM/ECF)*, *In the Matter of Electronic Filing*, Misc. No. 03-149(HL), at 6-7, ¶6(a)-(b).  Said order is also clearly expressed in the *Notice to Counsel*, *Manual for CM/ECF*, No. 04-04, at 6, n.2 (also available at the above address).

obey pre-trial orders."); Serrano-Pérez v. FMC Corp., 985 F.2d 625 (1st Cir. 1993) (expert witness obtained beyond deadline excluded from case); Goldman, Antonetti v. Medfit Int'l, Inc., 982 F.2d 686 692 (1st Cir. 1993) (dismissal with prejudice for failure to attend pretrial and settlement conference); Riofrio Anda v. Ralston Purina, Co., 959 F.2d 1149, 1154-55 (1st Cir. 1992)(disallowing amendment of complaint two months after deadline in court's scheduling order); Thibeault v. Square D Co., 960 F.2d 239, 247 n.7 (1st Cir. 1992) ("we heartily endorse the utilization of discovery closure dates ... as a case management tool"); Barreto v. Citibank, N.A., 907 F.2d 15, 16 (1st Cir. 1990) ("[W]ell established principle that discovery orders, other pre-trial orders, and, indeed, all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation."); Spiller v. U.S.V. Lab., Inc., 842 F.2d 535 (1st Cir. 1988) (Dismissal due to failure to obey Court order to retain new counsel, *inter alia*); Corretjer Farinacci v. Picayo, 149 F.R.D. 435 (D.P.R. 1993) (disregard of judge's scheduling order and local rules of the district justifies sanctions).

Notwithstanding that plaintiff's counsel has not been entirely candid with the Court, perhaps because of ignorance as to his secretary's performance, the Court shall not, at this time, strike the opposition. Since the Court is authorized to "punish the dereliction in a variety of ways", Rosario Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998), and because all the documents, albeit late by three hours, were filed on the same date, the Court shall allow the filing. Accordingly, defendant's motion to strike plaintiff's opposition is **DENIED**. However, counsel is **SANCTIONED** with a fine of **$1,000.00** to be paid **FORTHWITH**. **Plaintiff's opposition is hereby authorized and shall be docketed and numbered by the Clerk.** Counsel for defendant may reply within the next ten (10) days. No sur-reply is to be filed by plaintiff.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of February of 2006.

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**